## Chesapeake & Ohio Railway Company v. Jones.

(Decided March 16, 1928.)

### Appeal from Floyd Circuit Court.

Damages.—$500 held not excessive verdict for damage to land and growing corn crop from debris thrown on it by blasting, notwithstanding evidence that only about one acre of farm was covered by the debris, and that whole farm was thereafter sold at approximately $133 per acre.

BROWNING & REED, COMBS & COMBS and KIRK, KIRK & WELLS for appellant.

J. B. CLARKE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant's railroad runs through a farm formerly owned by the appellee. The railroad parallels the river, and between it and the river is the bottom land belonging to the appellee's farm. In doing some blasting for the purpose of widening the appellant's right of way, a large quantity of rock and debris was thrown over on this bottom land then owned by the appellee. She thereupon brought this suit against the appellant for the damage thus done her farm, and recovered a verdict for $500. The sole ground urged for a reversal of that judgment is that the verdict is excessive.

It is conceded that the proof of the appellee shows that in the judgment of her witnesses, whose qualifications are not questioned, her land was depreciated in value because of this debris, which was cast upon it, from $500 to $1,000.. It is insisted, however, that, although the appellant offered no proof as to values, yet its proof concerning the condition of this land and the

acreage covered by the debris demonstrates that the verdict is excessive. It claims that the proof shows that only about an acre of this property was covered with debris, and that as the whole farm was sold thereafter by the appellee on a basis of approximately $133 per acre, and that as this acre covered by the debris was at least no more valuable than any other part of the farm, it follows that the verdict of $500 is grossly excessive.

Appellant, however, forgets that, when the debris was thrown upon this land, there was a corn crop upon it, and that the witnesses estimate that about 100 bushels of fine growing corn was destroyed. Further, although the ground actually covered by the debris was only about one acre in extent, yet the proof shows that this stone was scattered about over the bottom land in at least three distinct areas; and whereas, the land lying between the parts covered by the rock had no debris on it, yet such land could not be conveniently or economically cultivated on account of the covered areas. Although the aggregate of land covered by debris amounted to only about one acre, yet a great deal more land than that actually covered by the rock was put out of commission. We cannot say that the facts proven by the appellant overcame the positive testimony of the appellee, or that the verdict is so excessive as to require reversal.

Judgment affirmed.